# IN THE UNITED STATES DISTRICT COURT OF MARYLAND
# BALTIMORE DIVISION

| | | |
|---|---|---|
| **THEODORE R. SMITH** | * | |
| Plaintiff | * | |
| | | Case No.: <u>11-CV-2007 RDB</u> |
| Vs. | * | |
| **STATE OF MARYLAND**, et al | * | |
| Defendants | * | |

*******************************

## MOTION TO WAIVE MARYLAND LOCAL GOVERNMENT TORT CLAIMS ACT, MD. CTS. & JUD. PROC.CODE ANN. SECS. 5-401 TO 5-404 REQUIREMENTS FOR GOOD CAUSE

NOW COMES, Theodre R. Smith, "Plaintiff", by his undersigned counsel and request that this Court waive the requirements under Maryland Local Government Tort Claims Act, Md. Cts. & Jud. Proc.Code Ann. Secs. 5-401 to 5-404(c) and for reasons state:

## FACTUAL HISTORY

This action for declaratory, injunctive, monetary and other appropriate relief is brought by plaintiff to redress intentional violations by defendant of rights secured to him by the laws of the United States and the statutory and common law of the State of Maryland.  This action arises under Title I of the Americans with Disabilities Act, as amended, 42 U.S.C.A §§ 12101 et seq. ("ADA"), and the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. §626, et seq., 42 U.S.C. § 1985, and 42 U.S.C. § 1986.

Plaintiff began his employment at the DJJS in April of 2005. Plaintiff's work performance was exemplary and consistent with the legitimate

1

expectations of Defendant DJJS.  Plaintiff performance reviews indicated that his work performance was outstanding.  (2nd Amended Complaint ¶13)

Since 2008, the Plaintiff has been targeted by Defendants Brewer and her friend Arlene Rogin targeted the Plaintiff and by their actions, caused a series of problems to arise with the Plaintiff amounting to violation of state and/or federal law.  (2nd Amended Complaint ¶14)

In 2008, Defendant Brewer who was the teacher supervisor at the Schaeffer House, demoted in status the Plaintiff from the Special Education Coordinator of the Schaffer House to teacher and Defendant Brewer advised that she would operate as the Teacher Supervisor and the Special Education Coordinator.  (1st Amended Complaint ¶15)

Defendant Brewer placed the Plaintiff in a classroom with two classes.  He was the teacher for one class and the class was being taught by an inexperienced teacher named Stephanie Boston.  Defendant Brewer directed the Plaintiff not to assist or help Boston.  However, Plaintiff witnessed the teacher was being unsuccessful with the students and felt it necessary to offer Ms. Boston advice and guidance to the point that the two teachers began to work successfully together with their respective classes. In other words, the students were thriving. (2nd Amended Complaint ¶16)

Defendant Brewer learned of the success through another teacher and fired Ms. Boston.  However, Secretary Devore rehired Ms. Boston and placed her in another facility. (2nd Amended Complaint ¶17)

After Ms. Boston was removed from the Schaefer House, Defendant Brewer assigned Ms. Boston's duties to the Plaintiff, in addition to his assigned duties, which he was successful at performing. (2nd Amended Complaint ¶18)

Thereafter, Defendant Brewer began to question and criticizes the Plaintiff's work in a negative light. In one week, Defendant Brewer called the Plaintiff over the intercom demanding that he come to the office where he was scolded by her. (2nd Amended Complaint ¶19)

Defendant Brewer began to harass the Defendant and on occasion unfairly and unjustifiably reprimanded the Plaintiff. In one such occasion, Defendant Brewer informed the Director of Schaefer House that the Plaintiff was missing for one hour, when she had knowledge that the Plaintiff was in an assigned office performing his assigned task of completing Independent Educational Plan for the students. (2nd Amended Complaint ¶20)

Further, Defendant Brewer also caused the Plaintiff to be prosecuted in 2009 for allegedly slashing her tires without any proof. The Plaintiff was found not guilty of the crime. (2nd Amended Complaint ¶21)

In October through December 2007 the Plaintiff underwent radiation for laryngeal cancer and remained under his doctor's care. (2nd Amended Complaint ¶22) On March 27, 2010 Plaintiff's radiation oncologist, Dr. Paul Fowler, informed the Defendants that the Plaintiff may return to work on May 3, 2010 advising that the Plaintiff will need ongoing treatment and frequent

3

visits to his physicians who are treating him in the Baltimore area. (2nd Amended Complaint ¶22)

On June 18, 2010, the Plaintiff was informed by Pamela Hardy-Cyran, Coordinator of Education of the Department that Plaintiff was being transferred to the Department's Rockville, MD location a commute that would be more than an hour one way. (2nd Amended Complaint ¶23)

On June 23, 2010, Plaintiff submitted a request that the Defendant accommodate his medical need to work in the Baltimore, Maryland area by rescinding the decision to transfer him to the Rockville, MD worksite. (2nd Amended Complaint ¶24)

On June 28, 2010, Pamela Hardy-Cyran, issued a letter denying his request for accommodation. (2nd Amended Complaint ¶25)

On July 6, 2010, Plaintiff was examined by Mile P. Lyons, M.D., Office of the State Medical Director-Concentra Medical Advisory Services. In a letter to the Department dated July 20, 2010, Dr. Lyons opined that the restrictions of the Plaintiff's work assignment should be limited to the Baltimore area because it was medically necessary. (2nd Amended Complaint ¶26)

On July 22, 2010, Kathryn C. Marr, Director, issued a Memorandum to the Plaintiff stating that Plaintiff had a choice to be reassigned or be terminated. (2nd Amended Complaint ¶27)

On August 3, 2010, the Defendant issued a memorandum indicating that it had rejected the accommodation of limiting Plaintiff's work assignment to the

Baltimore, MD area, stating that there were no other positions available. (2nd Amended Complaint ¶28)

The Defendant hired at least two new teachers after denying accommodations to the Plaintiff and those two teachers were younger than the Plaintiff who was 69 years old. (2nd Amended Complaint ¶29)

On or around August 12, 2011, Plaintiff employment was constructively terminated due to the Plaintiff being forced to resign as he was unable to make the daily commute to Rockville from Baltimore due to his disability. (2nd Amended Complaint ¶30)

The Defendants recognized, acknowledge and was well informed of Plaintiff's disability and treated plaintiff as having a disability and has a record of his disability. (2nd Amended Complaint ¶31)

Plaintiff asked for a reasonable accommodation, such as not being transferred to a location which would cause the Plaintiff to have to drive over 52 miles (1 to 2 hours depending on traffic), and to be sent to a location in Baltimore for a teaching position for which he was qualified to perform; however DJJS failed to provide Plaintiff the reasonable accommodation. (2nd Amended Complaint ¶32)

**OLIVIA D CAMMACK, ESQUIRE**

During the administrative process referenced herein, Plaintiff was represented by Olivia Desiree Cammack, an Attorney in Silver Spring,

Maryland. Mrs. Cammack by all accounts was an experienced employment lawyer who was admitted to practice in Maryland in 2002. (Exhibit A).

In her nine years of practice as an attorney she handled over 221 state court cases. (Exhibit B)

Mrs. Cammack represented the Plaintiff throughout the EEOC Proceedings and with the administrative process prior to Plaintiff being terminated. Mrs. Cammack acted diligently and competently throughout the process.

In July 2011, Plaintiff was informed by Mrs. Cammack that she was battling Cancer and would not be able to represent him further. Because the statute of limitation deadline was fast approaching, Mrs. Cammack filed a Complaint in this Court, presumptively from her death bead. On August 6, 2011, approximately sixteen (16) days later, Mrs. Cammack passed away. (Exhibit C)

The undersigned was retained thereafter and obtained a bare bones copy of Mrs. Cammack's file which had no indication whether or not a Tort Letter had been mailed to the State. It is Plaintiff's position that the requirement should be waived for good cause.

## **STANDARD OF REVIEW**

Waiver of notice requirement.—Notwithstanding the other provisions of this section, unless the defendant can affirmatively show that its defense has been prejudiced by lack of required notice, upon motion and for good cause

6

shown the court may entertain the suit even though the required notice was not given. Md. Cts. & Jud. Proc.Code Ann. Sec. 5-404.

"[T]he test for [the] existence [of good cause] is that of ordinary prudence, that is, whether the claimant prosecuted his claim with that degree of diligence that an ordinarily prudent person would have exercised under the same or similar circumstances." *Madore v. Baltimore County*, 34 Md.App. 340, 345, 367 A.2d 54, 57 (1976) (quoting *Lee v. Houston Fire & Casualty Ins. Co.*, 530 S.W.2d 294, 296 (Tex.1975)) (quoting *Hawkins v. Safety Casualty Co.*, 146 Tex. 381, 384, 207 S.W.2d 370, 372 (1948)).

## ARGUMENT

I. **THIS COURT SHOULD FIND THAT GOOD CAUSE EXISTS TO WAIVE THE REQUIREMENT.**

Plaintiff has made a concerted effort to place the Defendant's on notice with respect to his claims. The Defendants' engaged in an almost two-year long dispute with the Plaintiff regarding the subject of this case.

On July 1, 2010, the Plaintiff's former counsel contacted the attorney for the Defendant Michele Siri and advised her that Plaintiff had filed an EEO Complaint.[1] (Exhibit D)

From a period of September 30, 2009 through August 3, 2010, Plaintiff communicated with the Defendants' regarding his Complaint. (Exhibit E)

---

[1] This is based on a communication log from Plaintiff's prior counsel. Because this log is protected by the attorney client privilege, Plaintiff is including a privilege log. Plaintiff will produce documents, if the Court would like to conduct an in camera review. In re *Grand Jury Subpoena*, 204 F.3d 516, 519-20 (4th Cir.2000)(quoting *Hawkins v. Stables*, 148 F.3d 379, 383 (4th Cir. 1998)).

From June 21, 2010 through February 17, 2011, Plaintiff's Counsel communicated directly with attorneys and agents of the Defendant's with respect to Plaintiff's claims. (See Privilege Log)

Plaintiff subsequently filed his Charge of Discrimination which placed the Defendants' on Notice with respect to Plaintiff's claims. Based on the abundance of notice with respect to the potential claims against it, the Defendants' could not conceivably represent to the Court that they were not able to properly investigate this matter, nor could they represent that they were not aware of the potential exposure their agents' behavior had caused them. Moreover, Defendants' Counsel Mrs. Siri was also involved in the investigation of matters related to Plaintiff's claim. See (Exhibit D and Privilege Log)

Plaintiff believes and therefore avers that if the tort notice was not mailed it was because of his prior counsel's declining health. Because Mrs. Cammack is deceased, Plaintiff is unable to ascertain what her intentions were or if she did in fact file the Tort Letter. The undersigned staff contacted the State Treasury who indicated that they needed a filing date to confirm if the letter was received. Plaintiff has made a concerted effort to confirm the receipt of the Notice by the State by his efforts to do so have proven futile. Plaintiff did receive a copy of the file from Mrs. Cammack, but it was silent as to the Tort letter.

Notwithstanding the foregoing, this Court has held that an EEOC notice served within the 180-day timeframe can be used to satisfy the notice

8

requirement because it "provided the identity of the claimant, the time and place of the event, the nature of the claim, and the Plaintiff's intent to pursue litigation." See *Nelson v. City of Crisfield*, BEL-10-1816, 2010 WL 4455923, at *2 (D. Md. Nov. 5 2010). It is undisputed by the parties that Plaintiff filed a timely charge of discrimination. This case which is similarly situated to the *Nelson* matter inasmuch Plaintiff's Counsel communicated on several occasions with the Defendants' Attorney and management regarding the issues alleged by the Plaintiff, the EEOC case was timely filed and the Defendants' had an abundance of Notice with respect to Plaintiff's issues and could have reasonably anticipated litigation.

That the purpose of the notice requirement was to apprise the municipality of its possible liability at a time when it could conduct its own investigation. *See In Re*: *Renn v. Bd.Of Commissioners of Charles County, MD*, et al., 352 F Supp 2d 599 (D. Md. 2005).

## CONCLUSION

In light of the foregoing, Plaintiff avers that he has demonstrated that he substantially complied with the notice requirements and that the Court should find good cause for any non-compliance. Plaintiff also avers that he would suffer severe and irreversible prejudice if the Court should deny this Motion.

WHEREFORE, Premises considered, Plaintiff respectfully request that this Court, GRANT the Motion and for such other and further relief as may be deemed just and proper.

9

Signed this 10th  day of July, 2012

                                      Respectfully Submitted,

                                      **LAW OFFICE OF JESSIE LYONS CRAWFORD LLC**

                                      **ORAL ARGUMENT REQUESTED**

                                      __/s/ Jessie Lyons Crawford____
                                      Jessie Lyons Crawford, Esq.
                                      Federal Bar # 25247
                                      2601 Maryland Avenue
                                      Baltimore, Maryland 21218
                                      Phone: 410-662-1230
                                      Email: attorneyjlcrawford@verizon.net

                                      Counsel for Plaintiff

## CERTIFICATE OF SERVICE

       I hereby certify that the foregoing Motion was mailed this 11th day of July, via the court's electronic filing system to:

Michele Siri, Esquire
***Via Electronic Notice***

                                       /S/ Jessie Lyons Crawford
                                       _____
                                       JESSIE LYONS CRAWFORD, ESQ.