**In the United States District Court**
**for the District of Maryland**

| | | |
|---|---|---|
| Theodore Smith, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB 11CV2007 |
| State of Maryland, *et al.*, | * | |
| Defendants. | * | |

* * * * * * *

**OPPOSITION TO MOTION TO WAIVE**
**MARYLAND LOCAL GOVERNMENT TORT CLAIMS ACT,**
**MD. CTS. & JUD. PROC. CODE, ANN. SECS. 5-401 TO 5-404**
<u>**REQUIREMENTS FOR GOOD CAUSE**</u>

Defendants, the State of Maryland, ("the State"), Governor Martin O'Malley, the State's Department of Juvenile Services ("DJS" or "the Department"), DJS Teacher Supervisor Nevada Brewer, DJS Coordinator of Special Education Programs, Pamela Hardy-Cyran, retired DJS Deputy Director of Personnel Larry McClain, and DJS Deputy Director of Behavioral Health and Victim Services, Arleen Rogan, by their undersigned counsel, respectfully submit this Memorandum in Support of Defendants' Opposition to Plaintiff's Motion to Waive Maryland Local Government Tort Claims Act, Md. Cts. & Jud. Proc. Code, Ann. Secs. 5-401 to 5-404 [*sic*] Requirements for Good Cause.

**I.   THE LOCAL GOVERNMENT TORT CLAIMS ACT**

The short response to Plaintiff's motion is that the immunity of the State, its agencies and employees cannot be waived by compliance with the Local Government Tort Claims Act ("LGTCA"). Md. Code Ann. Cts. & Jud. Proc. Art. §§ 5-301 *et seq.* The LGTCA has no application to the Plaintiff's case.

The LGTCA waives the sovereign immunity of political subdivisions and their employees for certain purposes. *Housing Auth. v. Bennett,* 754 A.2d 367 (Md. 2000). Those entities covered by the LGTCA are specifically delineated in § 5-301(d) and do not include the State, DJS or employees of DJS. *Rucker v. Harford County,* 558 A.2d 399 (Md. 1989) (by expressly including certain State agencies within the scope of the LGTCA, the Maryland General Assembly implicitly excluded other State entities and officials from its coverage.). Actions sounding in tort brought against the State, its agencies and employees are governed not by the LGTCA, but by the Maryland Tort Claims Act ("MTCA" or "the Act"). Md. Code Ann. State Gov't. Art. §§ 12-101 *et seq.; Barbre v. Pope,* 935 A.2d 699 (2007).

Similar to the MTCA, the LGTCA notice requirement states, in pertinent part, that "an action for unliquidated damages may not be brought against a local government or its employees unless the notice of the claim required by this section is given within 180 days after the injury." Md. Code Ann. Cts. & Jud. Proc. Art. § 5-304(b). Unlike the MTCA, the LGTCA notice requirement may be waived "upon motion and for good cause shown," unless the local government makes an affirmative showing "that its defense has been prejudiced by lack of required notice." *Id.* at § 5-304(d). The MTCA contains no exception to the requirement that a timely claim be filed with the State Treasurer's office as a condition precedent to waiver of the State's sovereign immunity. LGTCA cases dealing with the so-called "escape" clause found in § 5-304(d) of the Courts and Judicial Proceedings Article are neither binding nor instructive with respect to cases governed by the MTCA. *Barbre,* 935 A.2d at 711-13; *Simpson v. Moore,* 592 A.2d 1090 (Md. 1991); *Chinwuba v. Larsen,* 790 A.2d 83, 98-101 (Md. App. 2002).

## II. THE REQUIREMENT THAT A NOTICE OF TORT CLAIM BE FILED WITH THE TREASURER CANNOT BE WAIVED, AND IS NOT MET BY FILING A DISCRIMINATION CHARGE WITH THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Plaintiff admits his failure to provide notice to the Treasurer or the Treasurer's designee. Motion to Waive Maryland Local Government Tort Claims Act, Md. Cts. & Jud. Proc. Code Ann. Secs. 5-401 to 5-404 [*sic*] Requirements for Good Cause, at p. 8. This failure is confirmed by the Office of the State Treasurer. *See* Affidavit of Ronald Kammer, Claims Supervisor, Insurance Division, Office of the State Treasurer, attached hereto as Exhibit 1. Instead, the Plaintiff argues that either there is good cause to excuse his failure or, in the alternative, that he has substantially complied with the notice requirements by having filed a charging document with the Equal Employment Opportunity Commission ("EEOC") and having discussed his EEOC case with a representative of the Office of the Attorney General of Maryland. He is wrong.

Timely notice to the Treasurer under the MTCA cannot be waived. "[T]he one and only method of satisfying…[the MTCA] notice requirement is to serve the claim on the Treasurer." *Chinwuba,* 790 A.2d at 99. The Maryland General Assembly did not engraft upon the MTCA any waiver provisions similar to § 5-304(d) of the LGTCA. *Simpson,* 592 A.2d at 1092. "The legislature could have, if it wished, tracked the exception provision of [the LGTCA] in amending the MTCA. For whatever reason, it did not do so, and [the courts] are not free to judicially place in the statute an entire section of language which is not there." *Id.* at 1094. The notice requirements simply cannot be waived to afford the relief sought by Plaintiff where the language of the statute bars that relief. *Id.* at 1095.

### III. FILING A NOTICE OF DISCRIMINATION WITH THE EEOC DOES NOT SUBSTANTIALLY COMPLY WITH THE REQUIREMENTS OF THE MTCA

Moreover, Plaintiff failed to substantially comply with the requirements of the MTCA when he filed his charge of discrimination with the EEOC or discussed his statutory discrimination claims with an assistant attorney general. Under the MTCA notice can only be given to the Treasurer or Treasurer's designee. The Office of the State Treasurer has promulgated interpretive regulations defining who constitutes a "designee" under the Act. COMAR 25.02.01.02B(7). Under the regulation, notice to a designee of the State Treasurer "only embraces that given to the Chief Deputy Treasurer or the Director of the Insurance Division of the State Treasurer's Office." *Barbre,* 935 A.2d at 711. "If neither the Comptroller, nor the Attorney General, nor any other State officer, nor an 'insurer…who provides services to the Treasurer as an independent contractor' qualifies as a Treasurer's designee," then neither does the EEOC or an assistant attorney general. *Id.* at 713.

In the absence of statutory authority to excuse filing notice with a person other than the Treasurer or Treasurer's designee, Plaintiff's tort claims against the State, DJS and its employees in their official capacities must fail. "The doctrine of substantial compliance has no application to an outright failure to comply, and compliance in this case [is] a condition precedent to the maintenance of a claim against the State." *Simpson,* 592 A.2d at 1096.

### IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny the Plaintiff's Motion to Waive Maryland Local Government Tort Claims Act, Md. Cts. & Jud. Proc. Code Ann. Secs. 5-401 to 5-404 [*sic*] Requirements for Good Cause.

Respectfully submitted,

Date: 7/26/12	DOUGLAS F. GANSLER
Attorney General of Maryland

/s/
SHELLY E. MINTZ
Assistant Attorney General
Bar No. 00960
Department of Juvenile Services
120 W. Fayette Street, 5th Floor
Baltimore, MD 21201
410-230-3135 (phone)
410-230-3143 (facsimile)

*Attorneys for Defendants*