IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THEODORE R. SMITH,                    *

    Plaintiff,                         *

       v.                              *          Civil Action No. RDB-11-2007

STATE OF MARYLAND, *et al.*,          *

    Defendants.                        *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

Plaintiff Theodore R. Smith ("Plaintiff" or "Smith") initially brought this employment discrimination action against Governor Martin O'Malley of the State of Maryland ("Governor O'Malley") in his official capacity alleging discrimination and failure to accommodate in violation of the Americans with Disabilities Act ("the ADA"), as amended, 42 U.S.C. §§ 12101 *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*  Plaintiff later filed a First Amended Complaint against additional defendants, namely the State of Maryland, the Maryland Department of Juvenile Services ("DJS"),[1] Arlene Rogin ("Rogin"), Nevada Brewer ("Brewer"), Larry McClain ("McClain") and Pamela Hardy-Cyran ("Hardy-Cyran") as Defendants.   In the amended complaint, Plaintiff reiterates his employment discrimination claims under the ADA and the ADEA and adds claims under 42 U.S.C. §§ 1983 and 1985.   He also alleges Maryland common law claims such as constructive discharge, intentional infliction of emotional distress, defamation

---

[1] While the Complaint refers to the Maryland Department of Juvenile Justice, its accurate name is the Maryland Department of Juvenile Services.

and invasion of privacy (false light) as well as vicarious liability.  Following the Defendants'

filing of a Motion to Dismiss, Plaintiff filed a Motion for Leave to File a Second Amended

Complaint in which he replaced the claims under 42 U.S.C. §§ 1983 and 1985 with claims

under Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. §§ 794

*et seq.,* and alleged new claims of disparate treatment and retaliation under Title VII of the

Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*[2]  Plaintiff also added claims

for discrimination, disparate treatment and retaliation under Maryland Code, State and

Government Article, §§ 20-601 *et seq.*

Pending before this Court is the Defendants' Motion to Dismiss Plaintiff's First

Amended Complaint (ECF No. 25) pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal

Rules of Civil Procedure.  Also pending are Plaintiff's Motion for Leave to File Second

Amended Complaint (ECF No. 30), as amended by Interlineation (ECF No.36), and

Plaintiff's Motion to Waive Maryland Local Government Tort Claims Act ("MGTCA"),

Maryland Code, Courts and Judicial Proceedings Article, §§ 5-401 to 5-404's Requirements

for Good Cause (ECF No. 38).  The parties' submissions have been reviewed and no

hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2011).  For the reasons that follow,

Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 30), as amended

---

[2] In their Response in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 35), Defendants argue that Smith is barred from raising Title VII claims in the Complaint because he did not include these claims in his Equal Employment Opportunity Commission ("EEOC") discrimination charge.  *See Snead v. Bd. of Educ. of Prince George's County*, 815 F. Supp. 2d 889, 894 (D. Md. 2011) ("[A] complaint will generally be barred if the charge filed with the EEOC or local agency alleges discrimination on basis while the civil litigation advances a claim of discrimination on a separate basis.") (citation omitted). Subsequently, Smith filed an Amendment by Interlineation (ECF No. 36) indicating that the claims for disparate impact and retaliation were improperly labeled as arising under Title VII and that they more appropriately arose under the ADA.

by Interlineation (ECF No. 36), is DENIED.[3]  Defendants the State of Maryland, the DJS, Governor O'Malley, Rogin, Brewer, McClain and Hardy-Cyran's Motion to Dismiss (ECF No. 25) is GRANTED.   Specifically, Plaintiff's federal law claims are DISMISSED WITH PREJUDICE and his state law claims are DISMISSED WITHOUT PREJUDICE. Plaintiff's Motion to Waive the MGTCA's Requirements for Good Cause (ECF No. 38) is DENIED as MOOT.

## BACKGROUND

This Court accepts as true the facts alleged in the plaintiffs' complaint.  *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011).  Plaintiff Theodore R. Smith ("Plaintiff" or "Smith") is a sixty-nine, (69) year old African American male who began working for the Maryland Department of Juvenile Services ("DJS") in April of 2005.  Pl.'s 1st Am. Compl. ¶¶ 2, 13, ECF No. 6.  According to Plaintiff, until 2008 his "performance was exemplary and consistent with the legitimate expectations of" the DJS.  *Id.* ¶ 13.  As of 2008, however, Defendant Nevada Brewer ("Brewer"), a teacher supervisor at the Schaefer House,[4] and her colleague Arlene Rogin ("Rogin") allegedly targeted Smith and engaged in actions to violate his federal and state rights.  *Id.* ¶ 14.  First, Smith alleges that Brewer demoted him from the position of Special Education Coordinator at the Schaefer House to that of teacher and in turn assumed the Special Education Coordinator position herself.  *Id.* ¶ 15.  At that time,

---

[3] Although Plaintiff must usually seek leave from the Court to file an Amendment by Interlineation, since this Amendment was filed in the context of a Motion for Leave to File an Amended Complaint and does not apply to the operative complaint, the Court will treat this Amendment by Interlineation as part and parcel of the request to file a Second Amended Complaint.

[4] A court may consider "matters of public record" that are appropriate for judicial notice.  *Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).  The William Donald Schaefer House in Baltimore, Maryland is a substance abuse addiction treatment facility for young men between the ages of fourteen and eighteen. Residents of the Schaefer House attend school five days a week and earn credits accepted by their home school or prepare for the General Education exam.

Smith was assigned to a classroom which he and his students were to share with another teacher, Ms. Boston, and her students. *Id.* ¶ 16.  Although Brewer instructed him not to help Ms. Boston, Smith and Ms. Boston "began to work successfully together," which in turn caused Brewer to terminate Ms. Boston's employment. *Id.* ¶¶ 16-17.  Second, Smith claims that although he was assigned Ms. Boston's responsibilities and performed successfully, Brewer repeatedly criticized his work, harassed and reprimanded him. *Id.* ¶¶ 18-19.  On one occasion, she allegedly reported him to the Director of the Schaefer House for missing an hour of work even though she knew that he was working on the premises. *Id.* ¶ 20.  Third, Smith alleges that in 2009, Brewer accused him of slashing her tires. *Id.* ¶ 21.  He was prosecuted for this offense but found not guilty. *Id.*

From October through December 2009,[5] Smith "underwent radiation for laryngeal cancer." *Id.* at 22.  On March 27, 2010, his oncologist explained that he would be able to return to work on May 3, 2010 but that his treatment would be ongoing and that frequent visits to his physicians would be necessary. *Id.* ¶ 23.  On June 18, 2010, Pamela Hardy-Cyran ("Hardy-Cyran"), the DJS' Education Coordinator, informed Smith that he would be transferred to a facility in Rockville, Maryland. *Id.* ¶ 24.  Smith alleges that on the same day, he filed an age and disability discrimination charge against the DJS with the Equal Employment Opportunity Commission ("EEOC").[6] *Id.* ¶ 11.  He then later declined to accept the transfer, due to the increased commute and his required visits to his physicians, and submitted a request that the DJS accommodate his medical needs by assigning him to a

---

[5] The first amended complaint states that his treatment occurred in 2007, however, the subsequent statement alleging that he was on leave until May 3, 2010 leads this Court to understand that the treatment occurred in 2009.  Pl.'s 1st Am. Compl. ¶¶ 22-23.

[6] The dated stamp on the copy of the discrimination charge provided by Defendants reflects, however, that it was received on October 12, 2010.  Charge of Discrimination, ECF No. 25-2.

position in the Baltimore area.  *Id.* ¶ 25.  This accommodation request was denied on June 28, 2010.  *Id.* ¶ 26.  Smith then sought the opinion of Dr. Mile P. Lyons, of the State Medical Director's Office, who concluded in a letter to the DJS that Smith's medical condition made it necessary for him to work in the Baltimore area.  *Id.* ¶ 27.  Nevertheless, the DJS responded that Smith could either transfer to a Rockville facility or be terminated as no other positions were available in the Baltimore area.[7]  *Id.* ¶¶ 28-29.  Therefore, Smith alleges that his employment "was constructively terminated" on August 12, 2011 as he was "forced to resign" due to his inability to commute to Rockville, Maryland.[8]  *Id.* ¶ 31.  Smith further alleges that contrary to the DJS' claim that no other positions were available in the Baltimore area, it hired at least two new teachers who were younger than him after denying his request for an accommodation.  *Id.* ¶ 30.  Additionally, Smith asserts that he was qualified to perform the teaching position and that the DJS failed to provide a reasonable accommodation.  *Id.* ¶ 33.

After rejecting his claim, the EEOC issued him a Notice of Right to Sue on April 21, 2011.[9]  *Id.* ¶ 11.  He then filed the initial complaint in this action against Maryland's Governor, Martin O'Malley ("Governor O'Malley") in his official capacity on July 21,

---

[7] The July 1, 2010 letter submitted by Defendants indicates that the DJS rejected his request for an accommodation "because there is no same or similar DJS position available for [him] to be reassigned to within the Baltimore, MD area."  Pamela Hardy-Cyran Letter, ECF No. 35-7.  In the same letter, Smith was asked to "report for work at the Alfred D. Noyes Children's Center or the Cheltenham Youth Facility" located in Rockville and Cheltenham, Maryland respectively.  *Id.*  Finally, Smith was asked to consult his physician to determine whether other accommodations would allow him to work at either of these facilities.  *Id.*

[8] Smith's letter of resignation to Pamela Hardy-Cyran is dated August 9, 2010.  Smith Resignation Letter, ECF No. 35-8.

[9] Although the date included in the Complaint is April 12, 2011, the issuance date on the Notice of Right to Sue is April 21, 2011.  *See* Notice of Right to Sue, Ex. B, ECF No. 6-3.

2011.[10]  Pl.'s Compl., ECF No. 1.  On November 7, 2011, Smith amended his Complaint to include additional Defendants namely the State of Maryland, the Maryland Department of Juvenile Services ("DJS"), Nevada Brewer ("Brewer"), Arlene Rogin ("Rogin"), Larry McClain ("McClain") and Pamela Hardy-Cyran ("Hardy-Cyran").  Pl.'s 1st Am. Compl. ¶¶ 2-8.  The First Amended Complaint alleges ten counts against these Defendants: disability discrimination in violation of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §§ 12101 *et seq.*, (Count I); age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.* (Count II); conspiracy to discriminate in violation 42 U.S.C. § 1985 (Count III); deprivation of rights under the color of state law in violation of 42 U.S.C. § 1983 (Count IV); and the common law claims of constructive discharge (Count V); intentional infliction of emotional distress asserted against Defendants Brewer, Rogin and McClain (Count VI & VII); defamation of character and invasion of privacy false light asserted against Brewer (Count VIII); malicious prosecution (Count IX) and *respondeat superior* against the State of Maryland and DJS (Count X).

Following the Defendants' filing of a motion to dismiss, Plaintiff filed a Motion for Leave to File Second Amended Complaint.  The proposed Second Amended Complaint (ECF No. 30-2) along with the changes made pursuant to the Amendment by Interlineation (ECF No. 36) alleges a total of fifteen counts against the Defendants.  While the majority of the counts alleged in the First Amended Complaint are realleged in the Second Amended Complaint, the 42 U.S.C. §§ 1983 and 1985 claims are replaced with allegations of disability

---

[10] While the Complaint was filed ninety-one days after the issuance of the Notice, the ninety-day time period begins to run when the Plaintiff receives the letter.  *See* 42 U.S.C. § 2000e-5(f)(1).  It is reasonable to assume that Smith received the letter a couple of days after its issuance.  The Complaint is therefore deemed to be timely.

discrimination and failure to accommodate in violation of Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. §§ 794 *et seq.* Smith additionally alleges claims of disparate treatment and retaliation in violation of the ADA[11] and claims of discrimination, disparate treatment and retaliation under Maryland Code, State and Government Article, §§ 20-601 *et seq.* Finally, he specifies that the malicious prosecution claim (Count IX) is specifically asserted against Defendant Brewer and relates to his allegation that Brewer caused him to be prosecuted by the state for slashing her tires; a crime he was found not to have committed.

<u>STANDARDS OF REVIEW</u>

**A.      Motion for Leave to Amend Pursuant to Rule 15(a)**

A plaintiff may amend his or her complaint once "as a matter of course at any time before a responsive pleading is served" or "by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). Rule 15(a) requires that leave "shall be freely given when justice so requires." In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court enumerated certain factors to guide federal district courts in making a determination with respect to granting leave to amend a complaint. The Court noted that, "[i]n the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be 'freely given.'" *Id.* at 182.

---

[11] As stated earlier in this memorandum, the Second Amended Complaint initially sought to allege Title VII violations but following the Defendants' response in opposition, Smith filed an Amendment by Interlineation indicating that these claims more accurately arose under the ADA. *See supra* n. 2.

The United States Court of Appeals for the Fourth Circuit has held that Rule 15 "gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). The court also held that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Id.* at 427; *see also Sciolino v. City of Newport News*, 480 F.3d 642, 651 (4th Cir. 2007).

**B.     Motion to Dismiss Pursuant to Rule 12(b)(1)**

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). This challenge under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted). With respect to a facial challenge, a court will grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799. Where the challenge is factual, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F3d at 192. "[T]he court may look beyond the pleadings and 'the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Khoury v. Meserve*, 268 F. Supp. 2d 600,

606 (D. Md. 2003) (citation omitted).  The court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *see also Sharafeldin v. Maryland Dept. of Public Safety & Correctional Services*, 94 F. Supp. 2d 680, 684-85 (D. Md. 2000).  A plaintiff carries the burden of establishing subject matter jurisdiction.  *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

## C.      Motion to Dismiss Pursuant to Rule 12(b)(6)

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, "the purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).  In ruling on such a motion, this Court is guided by the Supreme Court's instructions in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) which "require that complaints in civil actions be alleged with greater specificity than previously was required."  *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. July 5, 2012) (citation omitted).  The Supreme Court's *Twombly* decision articulated "[t]wo working principles" courts must employ when ruling on Rule 12(b)(6) motions to dismiss.  *Iqbal*, 556 U.S. at 678.

First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference.  *Id.*

9

("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim.) Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Id.* at 679. Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Although the plausibility requirement does not impose a "probability requirement," *id.* at 556, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663; *see also Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 291 (4th Cir. May 14, 2012) ("A complaint need not make a case against a defendant or *forecast evidence* sufficient to *prove* an element of the claim. It need only *allege facts* sufficient to *state* elements of the claim.") (emphasis in original) (internal quotation marks and citation omitted). In short, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief." *Iqbal*, 556 U.S. at 664.

<u>ANALYSIS</u>

At the outset, it is important to note that when a plaintiff files an amended complaint a defendant's previous motion to dismiss is not automatically rendered moot. *See Contreras v. Thor Norfolk Hotel, L.L.C.*, 292 F. Supp. 2d 798, 800 n. 1 (E. D. Va. 2003); 6 ARTHUR R. MILLER & MARY K. KANE, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2010) ("[A] defendant should not be required to file a new motion to dismiss simply because an amended pleading was introduced while [its] motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the

motion as being addressed to the amended pleading."). Analogously, the United States Court of Appeals for the Fourth Circuit has noted that the courts have discretion to consider a pending motion "as being addressed to the . . . Amended Complaint if that complaint contain[s] the same defect raised in the" motion. *Ohio River Valley Environ. Coalition, Inc. v. Timmermeyer*, 66 Fed. Appx. 468, 472 n. 4 (4th Cir. 2003) ( *per curiam* ) (unpublished) (citing 6 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1476 (2d ed. 1990 & Supp. 2003)). Thus, if the plaintiff's amended complaint suffers from the same defect as the initial complaint, then the defendant's motion to dismiss is not moot.

## I.      The Plaintiff's Federal Law Claims

With respect to Plaintiff's claims arising under federal law, Defendants argue that this Court lacks subject matter jurisdiction because (a) all Defendants in their official capacity enjoy sovereign immunity under the Eleventh Amendment of the United States Constitution; (b) the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"),[12] and Title VII of the Civil Rights Act of 1964 ("Title VII")[13] do not permit individual liability; (c) the naming requirement applicable to the filing of a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") was not satisfied with respect to the individually-named Defendants; (d) Plaintiff's ADA claims against the individually-named Defendants are time-barred as the First Amended Complaint does not relate back to the original Complaint; and (e) Plaintiff's ADEA claims are also untimely as the original

---

[12] Plaintiff's Second Amended Complaint seeks to replace his claims under 42 U.S.C. §§ 1983 and 1985 with claims of disability discrimination and failure to accommodate under the Rehabilitation Act.
[13] Plaintiff seeks to amend the Title VII claims in the Second Amended Complaint by interlineation to indicate that these claims arise under the ADA instead.

Complaint only broadly refers to the ADEA and as these claims do not arise from the same transaction and occurrences as the failure to accommodate claim in the original Complaint. Alternatively, Defendants contend that even where this Court has subject matter jurisdiction over Plaintiff's claims, all his federal law claims must be dismissed for failure to state a claim upon which relief can be granted.

A. Sovereign Immunity

Plaintiff alleges federal law claims against the State of Maryland, Governor O'Malley in his official capacity, the Maryland Department of Juvenile Services and against Defendants Brewer, Rogin, McClain and Hardy-Cyran (collectively "Individually-Named Defendants) in their official capacity as clarified by the Second Amended Complaint. Under the Eleventh Amendment of the United States Constitution, a state, its agencies and departments, cannot be sued in federal court by its citizens without the state's consent. *See* U.S. Const. Amend. XI. *See also Dixon v. Balt. City Police Dep't*, 345 F. Supp. 2d 512, 513 (D. Md. 2003); *aff'd*, 88 Fed. Appx. 610 (4th Cir. 2004). While the State of Maryland has waived its sovereign immunity for certain types of actions brought in State courts pursuant to the Maryland Tort Claims Act,[14] it has not waived its immunity under the Eleventh Amendment to actions brought in federal court. *See* MD. CODE ANN., STATE GOV'T § 12–103(2). *See also, e.g., Hayat v. Fairely*, WMN-08-3029, 2009 WL 2426011, at *22–23, (D. Md. Aug. 5, 2009); *Dixon*, 345 F.Supp.2d at 513. The Maryland Department of Juvenile Services is "an agency in the Executive branch of State government." *In re Julianna B.*, 947 A.2d 90, 119

---

[14] The Maryland Tort Claims Act ("MTCA"), Maryland Code, State Government Article §§ 12-101 *et seq.*, serves as a limited waiver of sovereign immunity and it provides the sole means by which the State of Maryland and its personnel may be sued in tort. However, the statute grants immunity to state personnel "from liability in tort for a tortious act or omission that is within the scope of [their] public duties . . . and is made without malice or gross negligence." MD. CODE. ANN., CTS. & JUD. PROC. § 5–522(b).

(Md. App. 2008); *see also* Md. Code Ann., Hum. Servs. §§ 9-201, 9-202.  Thus, Plaintiff's claims against the State of Maryland, Governor O'Malley in his official capacity, the Maryland Department of Juvenile Services and the individually-named Defendants in their official capacity are DISMISSED WITH PREJUDICE.

   B.   Plaintiff's 42 U.S.C. §§ 1983 and 1985 Claims

   In his Second Amended Complaint, Plaintiff seeks to replace his claims under 42 U.S.C. §§ 1983 and 1985 with claims for disability discrimination and failure to accommodate under the Rehabilitation Act.  "[T]he Supreme Court held that § 1985(3), which provides redress for conspiracies to deprive persons of their federal rights, was unavailable to a private employee as a remedy against intentional acts of employment discrimination." *Keller v. Prince George's County*, 827 F.2d 952, 957 (4th Cir. 1987) (citing *Great American Federal Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 378 (1979)).  Moreover, "§ 1983 [is] not available where the governing statute provides an exclusive remedy for violations of its terms." *Pennhurst State School and Hospital v. Halderman*, 451 U.S. 1, 28 (1981) (citation omitted).  This Court has held that "[a] plaintiff may not state a claim under 42 U.S.C. §§ 1983 and 1985(3) for rights created by the ADA." *Henderson v. Gilbert*, JFM-06-1284, 2006 WL 1966797, at * 1 (D. Md. July 10, 2006); *see also Walker v. City of Salisbury*, 170 F. Supp. 2d 541, 549 (D. Md. 2001) (holding that a "plaintiff may not . . . present in this Court a § 1983 cause of action based on an ADA claim arising by reason of disability).  The Fourth Circuit has also held that the ADEA's comprehensive scheme bars Section 1983 claims.  *See Zombro v. Baltimore City Police Dept.*, 868 F.2d 1364, 1368 (4th Cir. 1989).  However, if a plaintiff's Section 1983 claim is based on constitutional rights as opposed to substantive rights under

the ADA, such a claim is not preempted.  *See Pathways Psychosocial v. Town of Leonardtown, MD*, 223 F. Supp. 2d 699, 708 (D. Md. 2002).  In this case, Plaintiff's claims under 42 U.S.C. §§ 1983 and 1985 are based on the same substantive rights protected by the ADA and the ADEA, as such Plaintiff's §1983 and § 1985 claims are preempted and DISMISSED WITH PREJUDICE.

C.  Individual Liability

Plaintiff also alleges claims under the American with Disabilities Act, the Age Discrimination in Employment Act, the Rehabilitation Act and Title VII of the Civil Rights Act of 1964 against Defendants Brewer, Rogin, McClain and Hardy-Cyran in their individual capacity.  It is well-established that "supervisors are not liable in their individual capacities for Title VII violations."  *Lissau v. Southern Food Services, Inc.*, 159 F.3d 177, 180 (4th Cir. 1998).  The Fourth Circuit has also held that there is no individual liability under the ADA. *Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010) (citing *Baird ex rel. Baird Rose*, 192 F.3d 462, 472 (4th Cir. 1999)) (same).  Additionally, this Court has held that supervisors are not individually liable under the Rehabilitation Act.  *Ransome v. Barnhart*, CCB–03–2532, 2005 WL 1075370 at *4 (D. Md. May 5, 2005) ("Under Title VII, and therefore the Rehabilitation Act as well, supervisors are not liable in their individual capacities for violations of the statute.") (internal citations omitted).  *See also Betts v. Rector & Visitors of Univ. of Va.*, 145 F. App'x 7, 10 (4th Cir. 2005) (noting that discrimination claims under the ADA and the Rehabilitation Act should be treated in a similar fashion) (citations omitted).  Furthermore, under the ADEA, a plaintiff's remedy is against his employer.  *See* 29 U.S.C. § 623(a)("It shall be unlawful for an *employer* . . .") (emphasis added).  The Fourth Circuit has made clear that,

absent extraordinary circumstances, the term "employer" does not include individual defendants. *See, e.g., Jiggetts v. Sharpe*, 141 Fed. App'x 162, 163 (4th Cir. 2005)("Individuals cannot be held liable for employment discrimination under the ADEA."); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510-511 (4th Cir. 1994) ("We therefore hold that the ADEA limits civil liability to the employer and that [the individual defendant] is not a proper defendant in this case."). Although the Fourth Circuit in *Birkbeck* limited its holding to " 'personnel decisions of a delegable character' . . . the imposition of individual liability is clearly the exception rather than the rule." *Eden v. Arc Developpers, Inc.*, JFM-08-564, 2008 WL 1782299, at * 1 (D. Md. April 16, 2008) (quoting *Birkbeck*, 30 F.3d at 510 n. 1). In this case, Plaintiff has plead no extraordinary circumstances for the imposition of individual liability under the Age Discrimination in Employment Act ("ADEA"). As a result, Defendants Brewer, Rogin, McClain and Hardy-Cyran cannot be held individually liable under any of these federal statutes. Therefore, Plaintiff's federal law claims against the Individually-Named Defendants are DISMISSED WITH PREJUDICE.[15]

    D. <u>Motion for Leave to Amend</u>

    As discussed above, Plaintiff's seeks leave to amend the First Amended Complaint by (1) reasserting his claims under the American with Disabilities Act ("ADA") and the Age Discrimination in Employment Act ("ADEA"), and (2) adding causes of action under the Rehabilitation Act as well as disparate treatment and retaliation claims under the Americans with Disabilities Act. Federal Rule of Civil Procedure 15(a), provides that leave to amend "shall be freely given when justice so requires," and the general rule is that Rule 15(a) be

---

[15] In light of the above, this Court need not address the Defendants' remaining arguments in support of the dismissal of Plaintiff's federal law claims.

liberally construed.  *See Forman v. Davis*, 371 U.S. 178, 182 (1962).  Accordingly, leave should be denied only when amending the pleading would prejudice the opposing party, reward bad faith on the part of the moving party, or would amount to futility.  *Steinburg v. Chesterfield Cnty. Planning Comm. 'n*, 527 F.3d 377, 390 (4th Cir. 2008).  This Court has recently stated that "[a] review for futility is not an evaluation of the underlying merits of the case." *Next Generation Grp. v. Sylvan Learning Ctrs., LLC.*, CCB-11-0986, 2012 WL 37397, at *3 (D. Md. January 5, 2012); *see also Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) ("Unless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, . . . conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.").  At minimum, granting leave to amend is warranted when "at least some [of the requesting party's] claims are not futile."  *Next Generation Grp.*, 2012 WL 37397 at *3.  In this case, with respect to the federal law claims, Plaintiff's Second Amended Complaint does not cure this Court's lack of subject matter jurisdiction.  The amendment is therefore futile under Rule 15(a).

## II.   Plaintiff's State Law Claims

In the First Amended Complaint, Plaintiff alleges a number of causes of action arising under Maryland law.  Specifically, he alleges constructive discharge, intentional infliction of emotional distress, defamation, malicious prosecution and a claim against the State of Maryland and the Department of Juvenile Services ("DJS") as respondeat superior. Plaintiff's Second Amended Complaint seeks to reassert these claims and add causes of action for discrimination, disparate treatment and retaliation arising under Maryland Code, State Government Article §§ 20-601 *et seq*.  Pursuant to 28 U.S.C. § 1367(c)(3), this Court has

discretion to decline to exercise supplemental jurisdiction if the court "has dismissed all claims over which it has original jurisdiction."  In *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966), the Supreme Court cautioned that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a superfooted reading of applicable law."  Essentially, supplemental jurisdiction "is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350(1988)).  Accordingly, because all federal claims will be dismissed with prejudice, this Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.  Therefore, Plaintiff's state law claims will be DISMISSED WITHOUT PREJUDICE.

As Plaintiff's amendment to its federal claims is futile and as this Court declines to exercise supplemental jurisdiction over his state law claims, Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 30) is DENIED.  Additionally, Defendants' Motion to Dismiss (ECF No. 25) is GRANTED, and therefore, Plaintiff's Motion to Waive Maryland Local Government Tort Claims Act's Requirements for Good Cause (ECF No. 38) is DENIED as MOOT.

<u>CONCLUSION</u>

For the reasons stated above, Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 30) is DENIED.  Defendants the State of Maryland, Governor Martin O'Malley, the Maryland Department of Juvenile Services, Arlene Rogin, Nevada Brewer,

Larry McClain and Pamela Hardy-Cyran's Motion to Dismiss (ECF No. 25) is GRANTED.

Specifically, Plaintiff's federal law claims are DISMISSED WITH PREJUDICE and his state

law claims are DISMISSED WITHOUT PREJUDICE.   Accordingly, Plaintiff's Motion to

Waive Maryland Local Government Tort Claims Act's Requirements for Good Cause (ECF

No. 38) is DENIED as MOOT.

     A separate Order follows.

Dated:          August 20, 2012          /s/_____
                                                   Richard D. Bennett
                                                   United States District Judge